HEIRS OF JOSÉ ANTONIO RODRÍGUEZ and HEIRS OF ANTONIO RODRÍGUEZ OLIVA, Appellants, *v.* REGISTRAR OF SAN GERMÁN, Respondent.

No. 626. Submitted January 14, 1926.—Decided February 26, 1926.

*Luis Capó Matres* for the appellants. The registrar appeared by brief.

Mr. Justice Franco Soto delivered the opinion of the court.

In the partition and liquidation of the estate left upon the death of Arturo Rodríguez Valdés in which, among others, minors were interested as heirs, a rural property of 235 hectares, 82 ares and 37 centiares located in the wards of Rancheras and Frailes of the municipality of Yauco was conveyed to Arturo Rodríguez, a creditor, for the sum of $300.

The creditor sold the property to Julio Sebastián Busigó y Acosta and later, on the grounds that there was no authorization of court for the conveyance and that the procedure for the sale of property of minors by reason of convenience and necessity had not been followed, the minors brought an action for annulment of the conveyance and sale and also of their record in the registry of property as a means of obtaining finally the revendication of the property.

The District Court of Ponce sustained the prayers of the complaint and ordered the execution of the judgment by issuing a mandate to the Registrar of Property of San Germán to cancel the records made in favor of Rodríguez and of the subsequent sale to Busigó.

The registrar refused to comply with the order for the following reasons:

"The cancellation of the records as ordered in the within document issued by virtue of a judgment of the District Court of Ponce is denied and a cautionary notice is entered for the period of 120 days in favor of the plaintiffs named in said document at page 80 of volume 49 of Yauco, property No. 1981, duplicate, entry letter A, for the following reasons: Because it appears from the registry that

records numbers 2 and 3 referred to in said document whose cancellation is thereby ordered do not exist now because the rights under them have been transferred completely to Diego Vélez Gotay, a third person, who has them recorded by title of purchase of the property mentioned, according to record 6 at page 79 of volume 49 of Yauco, for which reason the said cancellations can not be made and are unavailing because they are dead records, and the said entry 6, which received life from those and entry 5 of the same number, must subsist under section 34 of the Mortgage Law; and furthermore, because it does not appear from the judgment' that the said person was given his day in court in the suit of which it is the result.''

■ As may be deduced from the decision, the complaint does not seem to have been recorded in the registry by any of the means authorized by law as notice to subsequent purchasers.

Busigó had transferred the property to Diego Vélez Gotay, recording the transfer in the registry, and whether that transfer was made before or after the suit was brought, it appears from the registry that when the order for execution of the judgment was to be made effective there was a third possessor who had not been a party to the proceeding.

·· The appellants insist, however, that inasmuch as the lower court had adjudged void the conveyance of the property to creditor Rodríguez Cruz, its record in the registry could not serve as a basis for transferring inexistent rights and that the registrar should have canceled all successive records, since any person who considered himself prejudiced thereby could assert his rights in the courts. This is erroneous. Diego López Gotay not being a purchaser *pendente lite*, the judgment of the lower court, in spite of its declaration of nullity of the conveyance, had no legal effect as to him, unless he had been made a party to the proceeding. *Paniagua* v. *District Court*, 34 P.R.R. 648.

■ We do not agree, however, with the registrar when he enters into the merits of the right that may assist Vélez Gotay by applying section 34 of the Mortgage Law. At

least it so appears from the first part of his decision and from his argument as follows:

". . . If a defect existed which invalidated the second entry made by one of my predecessors in office, it passed unnoticed by him, and Vélez Gotay, who purchased the property from Busigó who had his title recorded by entry five, was not obliged to examine all of the entries with a microscope, but the defect should have been reasonably apparent from the said second entry."

It is a sufficient answer to this to refer to the decision of the Directorate of Registries of November 29, 1884, as follows:

"It is necessary for canceling a record either the consent of the interested party, or that it be found whether or not it is included in the exception of section 34 of the law, and this can be done only by the courts." Odriozola, 201.

The real reason for the refusal is not that records numbers 2 and 3, to which the decision refers and which were made prior to the entry made in the name of López Gotay under section 77 of the Mortgage Law, can not be canceled, but that it is indispensable to obtain the nullity of this last record before those entries can be canceled. By this it must not be understood, however, that we give to López Gotay the character of a third person, for only for the purpose of the registry we want to say that to effect the annulment of his record by the judgment the complaint should have been recorded in the registry, as has been said before, and such entry not having been made, López Gotay should have been given his day in court.

See the decision of the Directorate of Registries of June 21, 1899, as follows:

"When a record whose cancellation is sought because it has been declared void has been extinguished, as provided by section 77 of the Mortgage Law, by records of transfers of ownership of the property made by virtue of various deeds of sale, it can not be canceled until those entries are canceled or annulled, inasmuch as, according to what was held by this Office in its decision of November 29, 1881, it is

impossible to cancel an entry that has legally been extinguished.'' Odriozola, 206.

For the foregoing reasons the decision appealed from must be affirmed.